ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 1. IF A LEASE-PURCHASE AGREEMENT WAS SIGNED TO LEASE MUNICIPAL PROPERTY TO THE MUNICIPAL AUTHORITY UNTIL THE LAST PAYMENT WAS MADE, AT WHICH TIME SUCH LAND AND EQUIPMENT WOULD BECOME THE PROPERTY OF THE MUNICIPAL AUTHORITY, AND SUBSEQUENTLY, BUT PRIOR TO THE FULFILLMENT OF THE TERMS OF THE AGREEMENT, ANOTHER LEASE AGREEMENT (WITH NO LEASE-PURCHASE PROVISION) WAS SIGNED BETWEEN THE PARTIES WHICH SPECIFICALLY STATED THAT THE NEW AGREEMENT SUPERSEDED ANY PREVIOUS LEASE AGREEMENT BETWEEN SUCH PARTIES CONCERNING SUCH PROPERTY, WHICH PARTY WOULD HAVE TITLE TO THE PROPERTY AT THE END OF THE LEASE AGREEMENT?
 2. IS IT NECESSARY FOR THE SUBSEQUENT LEASE AGREEMENT TO BE FILED IN THE OFFICE OF THE SECRETARY OF STATE FOR SUCH AGREEMENT TO SUPERSEDE THE FIRST LEASE-PURCHASE AGREEMENT PRIOR TO ANY FUTURE INDEBTEDNESS CONCERNING THE PROPERTY BEING MADE?
 3. WOULD IT BE LEGAL FOR EITHER PARTY TO THE LEASE AGREEMENT TO LEASE OR SELL THE PROPERTY CONCERNED IN SUCH AGREEMENT TO A THIRD PARTY IF SUCH PROVISION WAS NOT SPECIFIED IN THE LEASE AGREEMENT?
 4. WOULD IT BE LEGAL FOR EITHER PARTY TO THE LEASE AGREEMENT TO SELL OR LEASE ANY OF THE PROPERTY SUBJECT TO SUCH AGREEMENT IF THAT PROPERTY IS LISTED AS COLLATERAL?
BECAUSE YOUR REQUEST INVOLVES THE DETERMINATION OF FACTUAL ISSUES BEYOND THE SCOPE OF A FORMAL ATTORNEY GENERAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. IN ADDITION, YOUR QUESTIONS INVOLVE QUESTIONS OF LAW AS TO MUNICIPAL AUTHORITY, FOR WHICH THIS OFFICE CAN PROVIDE NO RESPONSE. INSTEAD, THESE QUESTIONS SHOULD BE DIRECTED TO THE APPROPRIATE CITY ATTORNEY.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
TITLE 60 O.S. 176 (1991) ET SEQ., PROVIDE AUTHORITY FOR THE STATE, COUNTIES, AND MUNICIPALITIES TO CREATE EXPRESS TRUSTS FOR THE FURTHERANCE OR ACCOMPLISHMENT OF ANY PUBLIC FUNCTIONS OR PURPOSES. THE GOVERNMENTAL ENTITY WHICH DOES SO HAS THE ADDITIONAL AUTHORITY TO LEASE REAL OR PERSONAL PROPERTY SUBJECT TO THE TRUST FOR THE PURPOSES THEREOF. 60 O.S. 176(A) (1991). IN THE EVENT THE TRUST IS FOR INDUSTRIAL DEVELOPMENT PURPOSES, A MUNICIPALITY MAY GRANT TITLE TO AIRPORT PROPERTY TO SUCH AN AUTHORITY. 60 O.S. 176(B) (1991). A REVIEW OF THE TRUST STATUTES INDICATES THAT IT IS A NORMAL POWER OF A TRUSTEE TO BE ABLE TO SELL, LEASE OR OTHERWISE CONVEY THE REAL AND PERSONAL PROPERTY OF THE TRUST, SUBJECT TO CERTAIN LIMITATIONS. 60 O.S. 175.2 (1991).
IN REGARD TO YOUR FIRST QUESTION, ALTHOUGH THIS QUESTION TOO FACT DEPENDENT TO PROVIDE A SPECIFIC REPLY, THERE DOES NOT APPEAR TO BE A LIMITATION IN THE OKLAHOMA STATUTES AS TO ANY CHANGE MADE TO A LEASE AGREEMENT. ONLY WHERE THE STATE OF OKLAHOMA IS THE BENEFICIARY OF THE TRUST MUST ANY AMENDMENT BE DONE BY A TWO THIRDS VOTE OF THE TRUSTEES THERETO AND WITH THE APPROVAL OF THE GOVERNOR. 60 O.S. 176(D). ON THE MUNICIPAL OR OTHER LEVEL, IT APPEARS THAT A TRUST WOULD NOT BE PROHIBITED FROM MODIFYING TERMS. IN ADDITION, THE LIMITATION CREATED BY SECTION 60 O.S. 176(A), BY WHICH THE TRUSTEES MAY ONLY LEASE TRUST PROPERTY, MAY INVALIDATE A LEASE-PURCHASE. IT WOULD BE MY OPINION THAT IF THE PARTIES PROPERLY AGREED TO A LEASE OF THE PROPERTY, ANY PURPORTED LEASE PURCHASE AGREEMENT WAS WHOLLY SUPERSEDED. AGAIN, HOWEVER, THIS MAY BE LIMITED BY MUNICIPAL CHARTER OR ORDINANCE OR BY THE TERMS OF THE ORIGINAL AGREEMENT. IF THE LEASE-PURCHASE AGREEMENT WAS SUPERSEDED BY THE SUBSEQUENT LEASE AGREEMENT, THERE WOULD BE NO CHANGE OF OWNERSHIP OF THE PROPERTY, AND IT WOULD CONTINUE TO BELONG TO THE LESSOR, WHICH IS THE MUNICIPALITY ACCORDING TO YOUR QUESTION.
YOUR SECOND QUESTION ASKS THE NECESSITY FOR A LEASE AGREEMENT TO BE FILED WITH THE SECRETARY OF STATE'S OFFICE IN ORDER TO THE LEASE TO SUPERSEDE THE PRIOR LEASE-PURCHASE AGREEMENT. A REVIEW OF TITLE 60 INDICATES NO SUCH REQUIREMENT. THEREFORE, IT IS MY OPINION THAT IT IS NOT NECESSARY TO FILE SUCH AN AMENDMENT FOR IT TO BE VALID.
YOUR THIRD QUESTION ASKS IF IT WOULD BE LEGAL FOR EITHER PARTY TO A LEASE AGREEMENT TO SELL THE PROPERTY CONCERNED TO A THIRD PARTY IF SUCH A PROVISION WAS NOT SPECIFIED IN THE LEASE AGREEMENT. AS NOTED ABOVE, TRUSTEES IN A-PUBLIC TRUST DO NOT HAVE AUTHORITY TO SELL REAL OR PERSONAL PROPERTY WHICH IS PART OF THE TRUST. 60 O.S. 176(A) (1991). THE TRUSTEES MAY LEASE IT ONLY. ID. ONLY A MUNICIPAL AIRPORT TRUST MAY SELL REAL PROPERTY TO AN INDUSTRIAL DEVELOPMENT AUTHORITY. 60 O.S. 176(B). AS TO ALIENATION BY THE LESSEE, OKLAHOMA PROVIDES THAT A LEASE GRANTS THE LESSEE WITH THE RIGHT OF EXCLUSIVE POSSESSION ONLY. BUCK V. DEL CITY APARTMENTS, 431 P.2D 360 (OKLA. 1967). TITLE 41 O.S. 1991, 10, FURTHER LIMITS THE ABILITY OF A LESSEE TO ASSIGN ITS INTEREST REAL PROPERTY.
NO TENANT FOR A TERM NOT EXCEEDING TWO YEARS, OR AT WILL, OR BY SUFFERANCE, SHALL ASSIGN OR TRANSFER HIS TERM OR INTEREST, OR ANY PART THEREOF, TO ANOTHER, WITHOUT THE WRITTEN ASSENT OF THE LANDLORD OR PERSON HOLDING UNDER HIM.
SO LONG AS THE LEASE TERM IS IN EXCESS OF TWO YEARS, IT APPEARS THE LESSEE WOULD HAVE AUTHORITY TO ASSIGN ITS INTEREST, BUT NOT SELL THE PROPERTY. AGAIN, HOWEVER, THERE COULD BE TERMS WITHIN THE AGREEMENT OR WITHIN THE MUNICIPAL CHARTER OR ORDINANCES WHICH WOULD PROHIBIT ANY TRANSFER OF THE PROPERTY.
YOUR FOURTH QUESTION ASKS IF IT BE WOULD LEGAL FOR EITHER PARTY TO ALIENATE THE PROPERTY UNDER THE LEASE IF THE PROPERTY IS COLLATERAL ON ANY REVENUE BONDS ISSUED BUT NOT PAID OFF. IT HAS PREVIOUSLY BEEN NOTED THAT THE ABILITY TO SELL THE PROPERTY MAY BE LIMITED ON THE PART BOTH THE LESSOR AND LESSEE. 60 O.S. 176(A) AND 60 O.S. 176(B). SEE ALSO BUCK, SUPRA.
NO ADDITIONAL LIMITATIONS ARE APPARENT IN 60 O.S. 176 ET SEQ., WHEN THE PROPERTY HAS BEEN ENCUMBERED. INDEED, THE OKLAHOMA SUPREME COURT HAS STATED THAT:
 IN THE ABSENCE OF A COVENANT OR AN AGREEMENT TO THE CONTRARY, THE LESSEE TAKES THE LEASED PROPERTY SUBJECT TO ALL SERVITUDES OR OTHER ENCUMBRANCES RESTING ON IT AT THE TIME OF THE LEASE.
ANTONIO V. GENERAL OUTDOOR ADVERTISING CO., 414 P.2D 289 (OKLA. 1966), CITING 51 C.J.S. LANDLORD AND TENANT 356. THIS STRONGLY INFERS THAT ENCUMBERED PROPERTY CAN BE LEASED FURTHER, BUT IS DONE SO SUBJECT TO THE LIENS THEREON. HOWEVER, IT IS POSSIBLE, PERHAPS LIKELY, THAT THE TERMS OF A PARTICULAR BOND INDENTURE CONTAIN RESTRAINTS OR PARTICULARIZED PROVISIONS REGARDING THE BOND COLLATERAL.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. IT IS POSSIBLE, BY AGREEMENT OF THE PARTIES, FOR A SUBSEQUENT AGREEMENT TO BE EXECUTED WHICH WHOLLY SUPERSEDES A PRIOR AGREEMENT. WHETHER OR NOT A PARTICULAR AGREEMENT ACHIEVES THAT END IS DEPENDENT ON THE LANGUAGE AND TERMS OF BOTH THE PRIOR AND SUBSEQUENT AGREEMENTS AS WELL AS ON ANY APPLICABLE MUNICIPAL ORDINANCES OR CHARTER PROVISIONS. THEREFORE, YOUR QUESTION IS TOO FACT-SPECIFIC TO BE ANSWERED BY THIS INFORMAL OPINION;
 2. IT IS NOT A STATUTORY REQUIREMENT TO FILE AN AMENDMENT TO A LEASE UNDER A PUBLIC TRUST IN THE OFFICE OF THE SECRETARY OF STATE FOR THE AMENDMENT TO BE VALID;
 3. SUBJECT TO THE LIMITATIONS OF 41 O.S. 10 (1991), AND THE LEASE AGREEMENT, A LESSEE HAS AUTHORITY TO ASSIGN ITS INTEREST, BUT NOT SELL THE PROPERTY; AND
 4. THERE IS NO GENERAL PROHIBITION AGAINST THE ASSIGNMENT OF A LEASEHOLD ON A PUBLIC TRUST WHEN THE PROPERTY THEREIN IS ENCUMBERED BY REVENUE BONDS, BUT ONE MUST BE AWARE THAT A SPECIFIC BOND INDENTURE MAY CONTAIN SUCH PROHIBITIONS.
(JAMES ROBERT JOHNSON)